**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**JANIE GAYDEN**                                    **CIVIL ACTION**

**VERSUS**
                                                    **NO.: 3:21-cv-643**
**LIFE INSURANCE COMPANY OF**
**NORTH AMERICA**

## <u>COMPLAINT</u>

Plaintiff, **JANIE GAYDEN**, a major domiciliary of the City of Sorrento in Ascension Parish, Louisiana at all relevant times, respectfully avers:

1.      Jurisdiction and venue are proper under the Employee Retirement Income Security Act of 1972 ("ERISA"), 29 U.S.C. § 1001, *et. seq.*

2.      Defendant, **LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA")**, is a foreign insurance corporation, having a state other than Louisiana as its state of incorporation and principal business establishment, authorized to do and doing business within this district of the State of Louisiana.

3.      Plaintiff was at all relevant times the wife of Decedent, Huey Gayden, who at all relevant times was a domiciliary of the City of Sorrento, Ascension Parish, Louisiana.

4.      Decedent was an employee of Eatel Corporation, Inc. for many years before December of 2013, and a member of Eatel's group employee benefit plan ("the Plan"),

which was governed by ERISA and included life insurance and short- and long-term disability insurance.

5.      At all relevant times, **LINA** insured the long-term disability and life insurance components of the Plan through insurance policies and acted as the Plan's claims administrator.

6.      Decedent was at all relevant times an insured under the disability and life insurance components of the Plan and **LINA**'s insurance policies covering those components of the Plan.

7.      Plaintiff at all material times was Decedent's beneficiary under the life insurance component of the Plan and **LINA**'s insurance policy providing coverage for that component of the Plan.

8.      The life insurance component of the Plan and **LINA**'s policy insuring it included a waiver of premium benefit, provided that member be and remain disabled as defined by the Plan and **LINA**'s life insurance policy.

9.      In December of 2013, while an active member of the Plan, Decedent became disabled from his own occupation as well as any occupation as a result of bone-on-bone osteoarthritis and related physical limitations, coupled with morbid obesity from lack of mobility, rendering him incapable of undergoing operative treatment in an effort to improve his mobility.

10.    On September 9, 2014, the Social Security Administration found Decedent totally disabled from any occupation from December 10, 2013 and maintained that finding until the date of his death.

11.    **LINA** deemed Decedent disabled from any occupation under the long-term disability component of the Plan from December of 2013 until the date of his death on November 17, 2020, throughout multiple medical reviews conducted by **LINA**-hired medical experts over the course of those eight years.

12.    **LINA** deemed Decedent disabled from any occupation for purposes of the waiver of premium benefit of the life insurance component of the Plan from December of 2013, throughout multiple medical reviews conducted by **LINA**-hired medical experts, until  **LINA** suddenly found him no longer disabled and terminated that benefit in a written denial dated November 1, 2018,.based upon the purported opinions of two then-new **LINA**-hired medical experts.

13.    **LINA** upheld its termination of the waiver of premium on administrative appeal by written letter dated July 5, 2019.

14.    **LINA**'s termination of Decedent's life insurance waiver of premium benefit came after his condition had only deteriorated over the five-year period throughout which **LINA** determined that Decedent was entitled to that benefit before it terminated that benefit, and throughout multiple medical reviews conducted by **LINA**-hired medical experts over the course of those five years.

15.    **LINA** both made benefits determinations and provided the insurance to cover funding for the life insurance benefits under the above-referenced insurance policy, resulting in a structural conflict of interest.

16.    **LINA** abused its discretion and was arbitrary and capricious in terminating life insurance waiver of premium benefits to Decedent, and in its resulting denial of life insurance benefits to Plaintiff, entitling Plaintiff to the recovery of attorney's fees.

17.    **LINA**'s administrative appeal decision was untimely under ERISA's controlling regulatory law, resulting in de novo review by the Court.

18.    Decedent died on November 17, 2020.

19.    Plaintiff thereafter attempted to initiate a claim for life insurance benefits with **LINA**, but **LINA** advised her that it would not entertain such a claim because Decedent's waiver of premium claim had been denied, resulting in no coverage for Decedent's death.

20.    Plaintiff timely brings this suit against **LINA**.

**WHEREFORE**, Plaintiff, **JANIE GAYDEN**, respectfully prays that after all due proceedings are had, there be judgment in her favor and against Defendant, **LIFE INSURANCE COMPANY OF NORTH AMERICA**, awarding her life insurance benefits, or alternatively, equitable surcharge in the full amount of those benefits, as well as attorney's fees, penalties, judicial interest and court costs, as well as all other relief as the Court may deem proper

Respectfully Submitted,

s/J. Price McNamara

_____

**J. PRICE McNAMARA**
Bar Nos: LA 20291 & TX 24084626
10455 Jefferson Highway, Ste. 2B
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-201-8313
price@jpricemcnamara.com
Attorney for Complainant